IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH WYNN,            )
                         )
    Movant,              )      Case No. 3:12-cv-01256
                         )      Senior Judge Haynes
v.                       )
                         )
UNITED STATES OF AMERICA,)
                         )
    Respondent.          )

**M E M O R A N D U M**

Movant, Kenneth Wynn, filed this pro se action challenging his sentence in United States v. Wynn, Case No. 3:08-cr-00230, Docket Entry Nos. 80, 81) that was imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Movant pled guilty to felon in possession of a firearm charge. In a series of motions, Movant asserts: (1) that the ACCA does not apply to a felon in possession offense; (2) that the ACCA was wrongfully applied to him because his prior convictions were related offenses and do not qualify under ACCA; and (3) that his attorney was ineffective for failing to challenge his sentence under the ACCA.

In response, the United States asserts that these claims are defaulted because these claims could have been presented at sentencing or on appeal, citing Hampton v. United States, 191 F.3d 695, 698 (6th Cir. 1999).

As to whether Movant's underlying conviction for felon in possession of a firearm qualifies as a crime of violence, the sentencing enhancement is in 18 U.S.C. § 922(g)(1) and § 924(e)(1) expressly states its provisions apply "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions. . . ."

Movant cites the Sentencing Commission comments to USSG § 4B1.1, that the offense of unlawful possession of a firearm by a convicted felon is not a crime of violence under the Career Offender Guideline. See USSG § 4B1.2, comment. (n. 1) (2014). Yet, Movant was not sentenced as a Career Offender under USSG § 4B1.1, but rather under the ACCA, 18 U.S.C. § 924(e)(1). Movant confuses the advisory Career Offender Guidelines with the ACCA, a statute and act of Congress. Moreover, USSG § 4B1.4's comment explains that "the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) [the ACCA] are not identical to the definitions of 'crime of violence' and 'controlled substance offenses' used in § 4B1.1" for a Career Offender. The Court concludes that this claim lacks merit.

As to whether Movant's prior convictions qualified under the ACCA, Movant asserts that these convictions are related and essentially one offense. Here, Movant had three prior convictions for Aggravated Robbery. These robberies occurred on the same day, and Movant was sentenced on the same day. Case No. 3:08-cr-00230, DE 81, Presentence Report, ¶¶ 18, 39-41. Movant cites the Sentencing Guidelines on computing criminal history, USSG § 4A1.2.2, providing that prior sentences are treated separately if there is an intervening arrest. In Movant's view, absent an intervening arrest, the offenses must be treated as one conviction, provided the charges are in the same instrument or the sentences were imposed on the same day. See USSG § 4A1.2(a)(2) (2014). Yet, the ACCA's plain language controls on whether the offenses are separate. In a word, under the ACCA, there is not any requirement of an intervening arrest or separate sentencing dates. As the Sixth Circuit stated:

> [T]wo offenses are committed on different occasions under the Act if: (1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "it would have been

possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "the offenses are committed in different residences or business locations."

United States v. Paige, 634 F.3d 871, 873 (6th Cir. 2011) (quoting United States v. Hill, 440 F.3d 292, 297-98 (6th Cir. 2006)); see also United States v. Jones, 673 F.3d 497, 503 (6th Cir. 2012).

Movant's prior convictions were for offenses that occurred on three different dates, and at two locations, 101 Glenwood Drive, and 200 Poss Drive. Case No. 3:12-cv-00230, Docket Entry No. 11 at 48. Under the ACCA these offenses are separate convictions.

In a word, the Guidelines's provisions on Criminal History do not control the qualifying offenses under the ACCA. See USSG § 4B1.4, comment. (n. 1) (2014) (The time periods for the counting of criminal history under USSG § 4A1.2 are not "applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e) [the ACCA].").

As to the ineffective assistance of counsel claim, Movant's counsel contested the treatment of the Movant's five convictions as separate. Case No. 3:12-cv-00230, Docket Entry No. 11 at 46-47. Movant's counsel actually prevailed on one conviction. Id. Yet, Movant's qualification under the ACCA remained with four qualifying convictions. In theses circumstances, the Court concludes that Movant's ineffective assistance of counsel claim lacks merit under Strickland v. Washington, 466 U.S. 668 (1984). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)). Given that Movant's sentence is valid, Movant's counsel was not ineffective.

For these reasons, the motion to vacate should be denied and this action dismissed with

prejudice. The Court declines to issue a Certificate of Appealability under 28 U.S.C. § 2253(c).

An appropriate Order is filed herewith.

**ENTERED** this the ___17th___ day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge